UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOE LEON-ESTRADA,

    Petitioner,

v.                                              CASE NO: 8:10-CV-790-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondent(s).
_____/

## ORDER

Petitioner, NOE LEON-ESTRADA ("Petitioner" or "Estrada"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. 1) The Court has considered the petition, Respondents' response (Dkt. 6) and Petitioner's reply. (Dkt. 9) Upon review, the Court determines that the petition must be denied because even if the trial counsel's assistance was deficient there was no prejudice to Petitioner's case and the evidence allegedly not disclosed by the State was either of no material value to the Petitioner's case or was readily available to the Petitioner.

## BACKGROUND

Respondent disputes neither the timeliness of the petition, nor that all the issues presented in this petition were exhausted in the state court through Petitioner's rule 3.850 motion. (Dkt. 6 at 9) An information charging Petitioner with trafficking in amphetamines

and possession of a firearm by a convicted felon was filed on May 17, 2005. (Dkt. 7, Ex. 1 at 20) The Petitioner filed a motion to suppress evidence on January 25, 2006, alleging that the searches of Petitioner's vehicle and residence were illegal because the officers did not obtain a search warrant, properly Mirandize the Petitioner, or receive Petitioner's consent to perform these searches. (Dkt. 7, Ex. 1 at 28) An evidentiary hearing was held on January 27, 2006, in which witnesses for both parties testified. (Dkt. 7, Ex. 1 at 31) The motion to suppress was denied on February 3, 2006. (Dkt. 7, Ex. 1 at 170)

A plea of nolo contendere was entered on March 27, 2006, and Petitioner was sentenced to a term of imprisonment including 15 years for the first count and 5 years for the second, to be served concurrently. (Dkt. 7, Ex. 1 at 175) Petitioner specifically reserved the right to appeal the motion to suppress evidence in the plea form. (Dkt. 7, Ex. 1 at 176)

The Petitioner's appellate brief primarily argued that the Petitioner did not give consent to the search of his residence and therefore the evidence obtained in that search should have been suppressed. (Dkt. 7, Ex. 2) On October 31, 2007, the Second District Court of Appeal filed a per curiam decision without written opinion affirming the trial court's ruling and sentence. (Dkt. 7, Ex. 4)

Petitioner filed a petition alleging ineffective assistance of appellate counsel on May 5, 2008. (Dkt. 7, Ex. 6) The Second District Court of Appeal denied the petition on June 10, 2007. (Dkt. 7, Ex. 7)

Petitioner, acting *pro se*, filed a 3.850 Motion for postconviction relief on January 6, 2009. (Dkt. 7, Ex. 8) Petitioner filed an amended motion for postconviction relief on January

13, 2009, which alleged the same grounds as the first motion, primarily that he had ineffective assistance of counsel and that the state failed to disclose evidence which would have been helpful to his case. (Dkt. 7, Ex. 9) The postconviction court denied the Petitioner's motion on February 5, 2009, with an order detailing specific reasons for so finding on each issue raised. (Dkt. 7, Ex. 10)  Petitioner then filed a motion for rehearing on February 16, 2009, and, on March 12, 2009, the motion was denied by the postconviction court. (Dkt 7, Ex. 11 and 12) Petitioner appealed this decision with a *pro se* initial brief filed on March 30, 2009. (Dkt. 7, Ex. 13)  On March 17, 2010, the Second District Court of Appeal affirmed the postconviction court's ruling through a per curiam decision without written opinion. (Dkt. 7, Ex. 14) The mandate was then issued on April 12 of that year.

The present petition was filed on April 5, 2010, and alleges the same two grounds brought to the state court: ineffective assistance of counsel and the state's failure to disclose evidence. The six issues of ground one, as summarized by the post conviction court, are as follows: (1) "trial counsel did not argue that the stop of Defendant's vehicle was a pretextual stop," (2) "trial counsel was ineffective for failing to argue that the search of Defendant's vehicle was illegal and without probable cause," (3) "trial counsel did not present evidence that the officers waited for Defendant to get in his car so that they could later search the car," (4) "trial counsel was ineffective for not raising the issue that the State legislature cannot enact gun laws since the Second Amendment of the United States Constitution contains the right to bear arms," (5) "trial counsel failed to raise the issue that the Miranda card is incomplete in that it does not have the questions 'does Defendant understand those rights'

and 'does he wish to waive those rights,'" (6) "trial counsel failed to [raise the issue that the officers acted] in bad faith for not securing a search warrant" (sic). (Dkt. 7, Ex. 10)  The four issues of ground two, as summarized by the postconviction court, are as follows: " Defendant claims that the State failed to disclose that (1) a traffic stop for no driver's license is a pretextual stop; (2) the officers waited at the Defendant's residence; (3) the officers failed to get the Defendant's signature on a Miranda waiver form; and (4) that the defendant had been deported and then returned illegally to the United States." (Dkt. 7, Ex. 10)

## Standard of Review

This petition is pursuant to 28 U.S.C. §2254(d) and (e). According to these sections, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court must employ a "highly deferential standard" in reviewing the decisions of the state court. Bell v. Cone, 543 U.S. 447, 455 (2005). "The factual findings of the court, including the credibility findings, are presumed to be correct unless [Petitioner] rebuts the presumption by clear and convincing evidence." Rolling v. Crosby, 438 F.3d 1296, 1301 (11th Cir. 2006). Under §2254(d) and (e):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

>   determination of a factual issue made by a State court shall be presumed to
>   be correct. The applicant shall have the burden of rebutting the presumption
>   of correctness by clear and convincing evidence.

28 U.S.C. §2254 (d)-(e)(1).

A state court decision is contrary if: "(1)the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2)the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court" and arrives at a different result. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). In order to find whether there was an unreasonable application of Supreme Court precedent "we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonable." Wright v. Moore, 278 F.3d 1245, 1256 (11th Cir. 2002). The court must decide whether the state court decision was objectively reasonable, not whether it was per se correct. Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). It is not necessary for a court's decision to directly cite to Supreme Court law in order for a reviewing court to find there was reasonable application so long as the decision does not contradict the law. See Mitchell v. Esparza, 540 U.S. 12, 16 (U.S. 2003).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner's first Ground for bringing this action is on a claim of ineffective assistance of counsel. Petitioner claims that counsel was ineffective for the following reasons: (1)

counsel did not argue that the reason for stopping Petitioner was pretextual; (2) counsel failed to argue that search of Petitioner's vehicle was illegal and without probable cause; (3) counsel failed to present evidence that officers waited in the vehicle before stopping Petitioner; (4) counsel failed to argue a Second Amendment issue; (5) counsel failed to argue that the Miranda card was incomplete; and (6) counsel failed to argue bad faith on the part of the arresting officers for not securing a search warrant before searching Petitioner's residence.

For alleged Fourth Amendment violations, habeas relief is not available in federal court when the state court has given the Petitioner a full opportunity to have his objections to the evidence heard. "In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494-495 (1976).

Even though federal law precludes any relief for Petitioner's Fourth Amendment claims, given that an evidentiary hearing took place in state court, this court will address the claims to explain to Petitioner the other reasons the claims would not have succeeded.

The standard of review for claims of ineffective assistance of counsel was clearly articulated in the case of Strickland v. Washington, 466 U.S. 668 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. In order to prevail on a claim of ineffective assistance of counsel, Petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id.

at 691. The Petitioner bears the burden of proving that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Petitioner must also prove that there is a "reasonably probability" that but for those acts or omissions "the result of the proceeding would have been different." Id. at 694. In this case, the state court only addressed the prejudice prong of the Strickland test when analyzing Petitioner's claim. This method is an acceptable application of Strickland: "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." 466 U.S. at 697.

Petitioner's first allegation within his claim of ineffective assistance of counsel is that counsel failed to argue that the traffic stop which led to Petitioner's arrest was a "pretextual stop." The trial court found that this claim had no merit given that the traffic stop was reasonable under Whren v. United States, 517 U.S. 806 (1996). Under Whren, a traffic stop does not violate the Fourth Amendment "where the police have probable cause to believe that a traffic violation has occurred." Id. at 810. See also Thomas v. Newsome, 821 F.2d 1550,1553 (11th Cir. 1987) ("Probable cause to arrest exists 'where the facts and circumstances within the collective knowledge of law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'") (citing United States v. Blasco, 702 F.2d 1315, 1324 (11th Cir. 1983), cert. denied, 464 U.S. 914 (1983)).

In this case, the police did have probable cause to stop Petitioner as, during their investigation, they found that he did not have a valid driver's license. A traffic violation occurred in their presence when Petitioner left the residence driving a motor vehicle. Therefore, the stop was valid under the law. The state court did not unreasonably apply Whren v. United States, or any other Supreme Court precedent, in finding Petitioner's assertion that trial counsel failed to argue the "pretextual stop" issue was without merit and therefore not prejudicial to Petitioner's case. Further, pretext is not a ground for suppressing evidence under federal law. See United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997) (Officer's "ulterior motives" for a stop are irrelevant as long as stop is justified by probable cause and stating that Wren "squarely rejected the pretextual stop analysis").

Petitioner next claims that trial counsel was ineffective for failing to argue that the search of his vehicle was illegal and without probable cause. The trial court cited to the record and Detective Angulo's testimony as well as the testimony of Deputy Wharton which showed that the search was incident to arrest and also consented to by the Petitioner. The trial court found that given the evidence this claim would be without merit. Therefore, trial counsel's failure to argue the claim was not prejudicial.

Petitioner alleges that trial counsel was ineffective in not presenting evidence showing that the arresting officers waited outside Petitioner's house for Petitioner to get into his car and drive away, rather than arresting him at his residence. The trial court found that "there was no indication...that [the officers] were going to the Defendant's residence to arrest him...Deputy Wharton testified that while conducting surveillance, he observed Defendant,

who he knew did not have a valid driver's license, get into a vehicle and drive off." (Dkt. 6) Once Petitioner committed the crime of driving without a valid license the officers had cause to arrest him. The claim of ineffective assistance of counsel based on failure to bring this evidence to the court was found to be without merit and this Court agrees. Thus, this failure was not prejudicial to the Petitioner.

Petitioner next alleges that his trial counsel was ineffective for failure to raise the purported Second Amendment issue that state legislatures must not enact gun laws. The trial court summarily found that this claim had no merit given the case of Nelson v. State, 195 So. 2d 853 (Fla. 1967). In that case, the Florida Supreme Court concluded that "[t]he statutory prohibition of possession of a pistol by one convicted of a felony, civil rights not restored, is a reasonable public safeguard. We uphold the validity of § 790.23..." Id. at 856. Also, the United States Supreme Court has held that this ground has no merit. See District of Columbia v. Heller, 128 S. Ct. 2783, 2816-2817 (2008) ("Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons..."). See also McDonald v. Chicago, 177 L. Ed. 2d 894, 926 (2010) ("We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons...' We repeat those assurances here"). As the claim was reasonably found to have no merit, counsel's failure to raise this constitutional issue was not prejudicial to Petitioner's case.

The fifth claim is that counsel was ineffective for failing to raise the issue that the Miranda card did not contain the questions "do you understand these rights?" and "do you wish to waive these rights?" However, the record shows, and the state court pointed out, that counsel asked Detective Angulo if the Miranda card did contain those questions. While the detective answered in the negative, the record also shows that the detective asked Petitioner verbally if he understood those rights to which he answered yes. The claim that counsel was ineffective in this instance has no merit and could not be prejudicial given that counsel did ask the question and therefore raised the issue.

Lastly for Ground One, Petitioner asserts that trial counsel was ineffective for failing to argue bad faith on the part of the officers for not obtaining a search warrant before searching his residence. Again, the record reflects and the state court marks the fact that counsel did raise the issue that there was no search warrant obtained before searching Petitioner's residence. Counsel asked Deputy Wharton why there was no search warrant. The testimony of Deputy Wharton and Detective Angulo was that both the Petitioner and his brother-in-law, Mr. Bagwell, consented to the search of the residence. This claim has no merit and is not prejudicial.

For the above reasons, the state court's application of Supreme Court precedent was not unreasonable nor was the outcome contrary to federal law. Accordingly, Ground One will be denied.

## II.     Failure by the State to Disclose Exculpatory Evidence

Petitioner claims that he was prejudiced by the State failing to disclose certain exculpatory evidence which would have been beneficial to his case and would have affected the outcome of his trial. The applicable Supreme Court precedent for this issue is that of Brady v. Maryland, 373 U.S. 83 (1963), which was appropriately cited by Petitioner. The 11th Circuit has articulated the Brady rule in the following way:

> To establish a Brady violation a defendant must prove the following: (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence)...(2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence...(3) that the prosecution suppressed the favorable evidence...and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

United States v. Meros, 866 F.2d 1304, 1308 (11th Cir. 1989)(internal citations omitted).

The Petitioner argues that the Prosecutor failed to disclose material evidence in the following incidences: (a) evidence relating to a "pretextual" stop; (b) evidence relating to the officers' waiting outside his residence; (c) evidence relating to the officers' failure to get signature on the Miranda card; and (d) evidence relating to Petitioner's prior deportation and illegal return to United States.

The state court summarily dealt with each of these claims as follows: "As to claim 2a, a traffic stop for no driver's license is a valid stop and not a pretextual stop. As to claims 2b and 2d, the information was noted by the Defendant [sic] was contained in the Probable Cause Affidavit and is therefore refuted by the record. As to claim 2c, a signature on a Miranda waiver form is not required." (Dkt. 6).

Items (b) and (d) above are without merit as the Petitioner had access to the evidence and could obtain it by reasonable diligence. For items (a) and (c), because the stop was a valid stop and the Miranda waiver does not need to be signed in order to be valid, there is no "reasonable probability" that the "outcome of the proceeding would have been different had the evidence been disclosed to the defense." Spivey v. Head, 207 F.3d 1263, 1283 (11th Cir. 2000). Therefore, the state court's application of relevant Supreme Court precedent on the Brady issue was neither unreasonable nor contrary and Ground Two will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-790.deny 2254.wpd*